## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ANTONIA C.,[1]**

     **Plaintiff,**

    **v.**                                        **Civil No. 3:24-cv-14**

**CAROLYN COLVIN,[2]**
*Acting Commissioner of the*
*Social Security Administration,*

     **Defendant.**

### FINAL MEMORANDUM ORDER

In this action, Plaintiff Antonia C. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to deny her Title II application for disability insurance benefits and Title XVI application for Supplemental Security Income. This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, ("Objection" (ECF No. 14)), objecting to the Report and Recommendation, ("R&R" (ECF No. 13)), entered by Magistrate Judge Summer L. Speight on November 25, 2024, which recommended that Plaintiff's Motion for Summary Judgment, (ECF No. 10), be denied, Defendant's Motion for Summary Judgment, (ECF No. 12), be granted and the final decision of the Commissioner be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objection lacks merit and therefore DENIES Plaintiff's Motion for

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she has been substituted for Commissioner Martin O'Malley as Defendant in this action. 42 U.S.C. § 405(g).

Summary Judgment, (ECF No. 10), GRANTS Defendant's Motion for Summary Judgment, (ECF No. 12), and ADOPTS the Report and Recommendation of the Magistrate Judge, (ECF No. 13), as the opinion of the Court.

## I. PROCEDURAL HISTORY

On April 5, 2024, Plaintiff filed her Motion for Summary Judgment, (ECF No. 10), asserting that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence because the ALJ "failed to adequately explain why the treating source's findings were being rejected in favor of opinions from a source that did not even exam[ine] or treat [Plaintiff]." (ECF No. 11, at 7.) Specifically, Plaintiff asserts that the ALJ failed to "properly consider supportability and consistency" as required by the Social Security regulations. (ECF No. 11, at 8.)

On November 25, 2024, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's Motion for Summary Judgment. (ECF No. 13, at 2.) On December 9, 2024, Plaintiff filed her Objections, objecting to the R&R on the ground that it erroneously found that "the ALJ's consideration of the mandatory factors of supportability and consistency" was sufficient and that the ALJ's findings were not supported by sufficient evidence. (ECF No. 14, at 3.) On December 19, 2024, the Commissioner filed Defendant's Response to Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Summer L. Speight, (ECF No. 15), arguing that Magistrate Judge Speight correctly found that "'the ALJ analyzed [Plaintiff's treating source's] opinion consistent with the applicable legal standards and that substantial evidence supports the ALJ's findings.'" (ECF No. 15, at 3 (quoting ECF No. 13, at 16–24).) Plaintiff elected not to file a Reply, and the time to do so has elapsed, thereby rendering this matter ripe for review.

2

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as "the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (italics added). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and quotation marks omitted). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

## III. ANALYSIS

Plaintiff contends that the ALJ "failed to properly evaluate the opinions provided by the treating source, Dr. Klinger." (ECF No. 14, at 2.) According to Plaintiff, the ALJ did not properly "consider the mandatory factors of supportability and consistency and explain how each

of those factors affected the persuasiveness of each medical source's opinion." (ECF No. 14, at 2.) The Court disagrees and thus OVERRULES Plaintiff's Objection.

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection, (ECF No. 14), and Motion for Summary Judgment, (ECF No. 10), the Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law. As Magistrate Judge Speight explained, the ALJ properly assessed the record and medical opinion evidence in accordance with the regulations and made findings supported by substantial evidence. (ECF No. 13, at 16–24.) "As the ALJ found, Dr. Klinger's treatment notes do not support the extreme or marked limitations in her opinion[,]" therefore, "the ALJ appropriately considered Dr. Klinger's opinion alongside Dr. Klinger's treatment notes in assessing the supportability factor." (ECF No. 13, at 19–20.) Moreover, when determining consistency, the ALJ acknowledged Plaintiff's mental health diagnoses, but found substantial evidence supporting a finding that "Plaintiff's activities of daily living are inconsistent with Dr. Klinger's opinion[.]" (ECF No. 13, at 20–21 (citing R. at 26, 1307–08).) Even if this Court would reach a different conclusion or weigh the evidence differently, it must accept the Commissioner's decision as long as it is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

### IV.  CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Accordingly, the Court hereby ORDERS that:

1.  The Report and Recommendation of the Magistrate Judge, (ECF No. 13), is ACCEPTED and ADOPTED as the OPINION of the Court;

2.  Plaintiff's Motion for Summary Judgment, (ECF No. 10), is hereby DENIED;

3.  Defendant's Motion for Summary Judgment, (ECF No. 12), is hereby GRANTED;

4.  The decision of the Commissioner is hereby AFFIRMED; and

5.  This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

Date: 1\13\2025
Richmond, Virginia

M. Hannah Lauck
United States District Judge